UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANGELA MCCLELLAND,

          Plaintiff,

vs.                            Case No. 2:08-cv-708-FtM-29DNF

HSBC RETAIL SERVICES, INC., a Florida registered foreign corporation,

          Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on plaintiff's Motion for an Award of Costs and Attorney's Fees and for Additional Time to File Exhibits (Doc. #46) filed on June 8, 2010. Defendant filed a Motion in Opposition to Plaintiff's Motion for an Award of Cost and Attorney's Fees (Doc. #49) on July 6, 2010. Plaintiff subsequently filed supporting documents under Notice of Filing (Doc. #50). The documents will be accepted as timely filed.

**I.**

    On August 8, 2008, plaintiff filed a Complaint (Doc. #2) against HSBC Retail Services, Inc. (HSBC) and Experian Information Solutions, Inc. (Experian) in the Twentieth Judicial Circuit Court, in and for Charlotte County, Florida. As to HSBC, plaintiff alleged counts of a violation of the Florida Consumer Collection Practices Act (Count I), a violation of the federal Fair Credit Reporting Act (Count II), defamation per se (Count III), and a

violation of the Florida Deceptive and Unfair Trade Practices Act (Count IV). Experian, named only in one count, was alleged to have violated the federal Fair Credit Reporting Act (Count V). The case was removed to federal court by Experian on September 15, 2008, based on the presence of a claim under the federal Fair Credit Reporting Act. (Doc. #1.) HSBC joined in the removal. (Doc. #5.)

On October 28, 2008, plaintiff and HSBC filed a Joint Stipulation and Order (Doc. #20) agreeing to submit the dispute to arbitration, to a stay of all claims pending resolution of the arbitration, and to retention of jurisdiction by the Court for all appropriate post-arbitration matters. The Court entered an Order (Doc. #21) staying the case pending arbitration between plaintiff and HSBC, and retained jurisdiction over post-arbitration issues. On February 12, 2010, the case was dismissed with prejudice as to Experian, and Judgment (Doc. #41) was entered.

On March 18, 2010, the Award of Arbitrator was issued by the American Arbitration Association Commercial Arbitration Tribunal and provides as follows, in its entirety:

> I, Barry L. Miller, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated April 5, 2006, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, AWARD, as follows:
>
> The Claimant, Angela McClelland is hereby awarded against Respondent, HSBC Retail Services, Inc. the amount of $5,000.00.

> The administrative filing and case service fees of the AAA, totaling $1,250.00, shall be borne entirely by HSBC Retail Services, Inc. The fees and expenses of the arbitrator, totaling $750.00, shall be borne entirely by HSBC Retail Services, Inc. Therefore, HSBC Retail Services, Inc. shall reimburse Angela McClelland the sum of $50.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Angela McClelland.
>
> The above sums are to be paid on or before 60 days from the date of this Award.
>
> This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.
>
> I; Barry L. Miller, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

(Doc. #43-1.)

On May 6, 2010, plaintiff moved to confirm the Award, stating in part that at the beginning of the arbitration proceedings both parties had agreed that the arbitrator would not make a determination or award of attorney's fees and costs, but that the prevailing party would return to the district court to seek such fees and costs. (Doc. #43, ¶ 2.) On May 25, 2010, the Court entered an Order (Doc. #44) confirming the Award of Arbitrator (Doc. #43-1), directing the entry of judgment, and directing plaintiff to file a motion for attorney's fees and costs for review. See also Judgment (Doc. #45). The current motion for attorney fees and costs was then filed.

**II.**

Absent statutory authority or an enforceable contract, attorney fees are ordinarily not recoverable by a prevailing party. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975); Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985). The parties do not dispute that one or more of the statutory claims allow recovery of attorney's fees and costs.[1]

HSBC argues, however, that the arbitrator did not specify a statutory basis for the Award, that not all claims for relief permit an award of attorney's fees, and the Court therefore cannot grant an award of attorney's fees. Additionally, HSBC argues that the Award was clearly in "full settlement," which it argues means attorney fees and costs were included. Plaintiff responds that it is "highly unlikely that the arbitrator found Defendant's conduct defamatory as Plaintiff did not argue defamation in the closing argument after the close of evidence." Therefore, plaintiff argues, it may be inferred that the basis for the Award was one of

---

[1] Plaintiff argues that attorney's fees and expenses are available under the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2)(a plaintiff may obtain "court costs and reasonable attorney's fees" as part of recovery); and the federal Fair Credit Reporting Act, 15 U.S.C. § 1681o(a)(2)(in case of successful enforcement, liability exists for reasonable attorney's fees as determined by the court). Plaintiff does not argue the Florida Deceptive and Unfair Trade Practices Act as a basis for attorney's fees, although the statute does permit recovery from the nonprevailing party. Fla. Stat. § 501.2105(1).

the statutory claims which support fees and costs.  (Doc. #46, p. 5.)

## A.

An arbitrator has no obligation to articulate his or her reasons for an award, Atkinson v. Sinclair Refining Co., 370 U.S. 238, 245 n.4 (1962), and an arbitrator cannot determine attorney's fees unless the issue is submitted for determination by the parties. Davis v. Prudential Secs., Inc., 59 F.3d 1186, 1195 (11th Cir. 1995).  The underlying Note and Security Agreement (Doc. #43-2) with HSBC contains an arbitration clause specifying that "[t]he parties shall bear the expense of their respective attorneys' fees, except as otherwise provided by law.  If a statute gives [plaintiff] the right to recover any of these fees, or the fees paid to the Administrator, these statutory rights shall apply in the arbitration notwithstanding anything to the contrary contained herein."   (Doc. #43-2, p. 3.)   In this case, the parties specifically stipulated that the issue of attorney's fees and costs would not be submitted to the arbitrator, and therefore the matter was not addressed in the Award.  The Court therefore rejects HSBC's argument that the amount of the Award included attorney fees and costs.

## B.

When the issue of attorney's fees is not submitted to the arbitrator, the district court can modify the arbitration award to

address the issue. <u>Offshore Marine Towing, Inc. v. MR23</u>, 412 F.3d 1254, 1256-58 (11th Cir. 2005). <u>See</u> <u>also</u> <u>Schlobohm v. Pepperidge Farm, Inc.</u>, 806 F.2d 578, 580 (5th Cir. 1986). <u>But cf.</u> <u>Menke v. Monchecourt</u>, 17 F.3d 1007, 1010 (7th Cir. 1994)(distinguishing where <u>entire</u> dispute, including attorney's fees, was submitted to arbitration, and finding an "unwarranted modification of the arbitrators' award" by the district court). Upon review of the record, the Court concludes that the Award was based upon an implied finding that HSBC violated at least one of the statutory claims asserted by plaintiff. Each of these statutory claims allows for recovery of attorney fees to a prevailing plaintiff. Therefore, the Court finds that attorney fees and costs may be awarded pursuant to the Note and Security Agreement arbitration clause and the statutory claims.

## C.

Plaintiff is undeniably the prevailing party in this case, and is entitled to taxable costs of the action under 28 U.S.C. § 1920. The Court further finds that plaintiff is entitled to reasonable attorney's fees, but not to nontaxable expenses or "litigation costs." The statutes permit "court costs" and plaintiff has provided no authority supporting the claim that litigation expenses such as hotels and federal express bills should be compensated. These are overhead expenses and will not be permitted.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). See also Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). In support of the prevailing rates in the community, the Declaration of Ernest William Sturges, Jr. as to Reasonable Attorneys Fees (Doc. #50-1, p. 14), Declaration of William Peerce Howard as to Reasonable Attorneys Fees (Doc. #50-1, p. 16), and Declaration of Mark Martella as to Reasonable Attorneys Fees (Doc. #50-1, p. 18) have been submitted.

Attorney David W. Fineman filed a Declaration in Support (Doc. #50-1, pp. 1-3) providing that he worked 98.4 hours at a rate of $275.00 an hour, and that he incurred $1,019.00 in costs and litigation expenses. The Court finds that the hourly rate is within the prevailing market rate for the Fort Myers Division of the Middle District of Florida and is reasonable. The number of hours, however, will be reduced as stated below because they

include hours expended on the dismissed defendant and travel time which the Court will not impose on the nonprevailing party:

| DATE | DESCRIPTION | HOURS |
|---|---|---|
| 6/1/09-6/3/09 | Reviewing Experian docs | 1 |
| 1/6/2010 | Reviewing docs from Experian | 0.4 |
| 2/4/2010 | Emails with Experian counsel re: obtaining affidavit | 0.2 |
| 2/9/2010 | reviewing Experian affidavit | 0.5 |
| 2/17/2010 | Driving to Orlando | 4 |
| 2/18/2010 | . . . & driving to FtM | 4 |
| **TOTAL:** | | **10.1** |

(Doc. #50-1, pp. 4-8.)  Therefore, the Court finds that 88.3 hours were reasonable, and $24,282.50 in attorney's fees will be awarded. Finding no documentation to support the $1,019.00, or legal basis, that request will be denied.

Attorney David M. Lampley, co-counsel for plaintiff, also filed a Declaration in Support (Doc. #50-1, pp. 9-11) providing that he worked 21.5 hours at a rate of $275.00 an hour. The Court finds that the hourly rate is within the prevailing market rate for the Fort Myers Division of the Middle District of Florida and is therefore reasonable. As stated above, travel time to Orlando, see Doc. #50-1, p. 12, will not be permitted. The Court will reduce the hours expended by 8 hours to a total of 13.5 hours, and grant $3,712.50 in attorney's fees.

Plaintiff also seeks fees for paralegal work. A review of the timesheet reflects tasks such as copying, creating binders, and making telephone calls. The Court declines to impose a rate of $100.00 an hour for the clerical tasks that are not legal in nature. Therefore, a total of $27,995.00 in attorney fees will be granted.

Plaintiff seeks $615.00 in costs, separate from the litigation costs, but the Court cannot determine the basis of the total without receipts or a detailed break down of costs and expenses. The motion is denied as to costs.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for Additional Time to File Exhibits (Doc. #46) is **GRANTED**, *nunc pro tunc* and the Notice of Filing (Doc. #50) is accepted as filed.

2. Plaintiff's Motion for an Award of Costs and Attorney's Fees (Doc. #46) is **GRANTED** as to attorney's fees in the amount of $27,995.00 and is otherwise **DENIED**. The Clerk shall enter a separate judgment awarding attorney fees in favor of plaintiff and against HSBC for $27,995.00.

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of January, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record